FILED
United States Court of Appeals
Tenth Circuit

January 24, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PERFECTO GONZALEZ-
CALZADILLAS,

Defendant - Appellant.

No. 12-1202
(D.C. No. 1:11-CR-00472-RBJ-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Perfecto Gonzalez-Calzadillas pled guilty to one count of illegally reentering the

United States after a previous deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(1),

and he was sentenced to 46 months of imprisonment. He filed a timely notice of appeal

of the district court's sentencing. After a diligent search of the record, his counsel

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determined there were no non-frivolous issues that could support an appeal. Mr. Gonzalez-Calzadillas's counsel therefore filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 3742(a)(2) and finding no non-frivolous issues, we grant counsel's motion to withdraw and dismiss the appeal.

## I. BACKGROUND

Mr. Gonzalez-Calzadillas was indicted on November 14, 2011, on one count of illegal reentry after removal subsequent to a felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b). He pled guilty pursuant to a plea agreement with the Government in exchange for the Government's support of a three-level reduction in his offense-level calculation under the U.S. Sentencing Guidelines (the "Guidelines").

The U.S. Probation Office's presentence investigation report ("PSR") concluded that Mr. Gonzalez-Calzadillas's offense level of 21 (which included the three-level reduction) and his criminal history category of IV placed his Guidelines range at 57 to 71 months.[1] However, the PSR recommended a downward variance to 36 months, a sentence well below the Guideline minimum, because Mr. Gonzalez-Calzadillas had never served a prison sentence. The PSR recommendation also fell below the 46-month sentence available through the District of Colorado's recently enacted fast-track program for illegal-reentry defendants who plead guilty. Mr. Gonzalez-Calzadillas declined the

---

[1] We have reviewed the PSR's recommended offense level and criminal history category for Mr. Gonzalez-Calzadillas and see no error in the calculations.

fast-track program in favor of the lower sentence recommended by the PSR.

At Mr. Gonzalez-Calzadillas's May 2, 2012 sentencing hearing, the Government objected to the PSR's recommendation for a variance, citing Mr. Gonzalez-Calzadillas's prior DUI convictions and a 2004 conviction for felony menacing. The district court confirmed the PSR's calculation of the Guidelines range but rejected both the PSR's recommendation of a 36-month sentence and the Government's request for a sentence of 57 months, the bottom of Mr. Gonzalez-Calzadillas's calculated Guidelines range. Instead, the court sentenced Mr. Gonzalez-Calzadillas to 46 months in prison, the sentence that Mr. Gonzalez-Calzadillas would have received had he opted for the fast-track program.

Mr. Gonzalez-Calzadillas filed a timely notice of appeal on May 14, 2012. His counsel filed an *Anders* brief and a motion to withdraw, finding "no meritorious grounds on which to attack either Mr. Gonzalez's conviction or his sentence." Aplt. Br. at 1. The Government notified the court that it would not oppose the *Anders* motion.

Mr. Gonzalez-Calzadillas was notified of the *Anders* motion, and he filed a response listing two reasons why the court should reconsider his sentence: (1) his counsel was ineffective at the pleading stage for failing to inform him of the immigration consequences of pleading guilty; and (2) his counsel was ineffective in the sentencing stage for failing to argue that his previous state sentences were unconstitutional and therefore should not factor into his advisory Guidelines range.

## II. DISCUSSION

Pursuant to *Anders*, counsel may "request permission to withdraw where counsel

conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* (citing *Anders*, 386 U.S. at 744). If there are no non-frivolous issues, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

We have conducted a full review of the record and agree with Mr. Gonzalez-Calzadillas's counsel that it indicates no non-frivolous issues that may be appealed. The *Anders* brief considers a single issue: whether a 46-month sentence is reasonable when it is below the Guidelines range. We address this issue and then address Mr. Gonzalez-Calzadillas's assertion that his counsel was ineffective.

## A. *Reasonableness of the Sentence*

"[T]his Court reviews sentences for reasonableness, as informed by the 18 U.S.C. § 3553(a) sentencing factors." *United States v. Montgomery*, 550 F.3d 1229, 1233 (10th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). This review consists of two components: procedural and substantive reasonableness. *See id.*

### 1. *Procedural Reasonableness*

We first address whether the district court committed "no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We review a sentence's procedural reasonableness for

plain error if the defendant did not object in the district court. *United States v. Booker*, 543 U.S. 220, 268 (2005); *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

The district court adequately explained its reasoning for the sentence in open court and considered both the PSR's reasons for recommending a downward variance and the § 3553(a) factors. Mr. Gonzalez-Calzadillas did not object. Nothing suggests that the district court's sentencing was plainly erroneous.

### 2. *Substantive Reasonableness*

We review a sentence's substantive reasonableness for abuse of discretion, *Gall*, 552 U.S. at 51, assessing whether "the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008).

The district court reduced Mr. Gonzalez-Calzadillas's sentence below the Guidelines range to comply with the District of Colorado's fast-track program because Mr. Gonzalez-Calzadillas pled guilty under the program's terms. When sentences are within or below the Guidelines, courts may apply a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). We apply that presumption here and see no abuse of discretion in the substantive reasonableness of the sentence.

### B. *Ineffective Assistance of Counsel*

This court has held that "[i]neffective assistance of counsel claims should be

brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Ineffective assistance of counsel claims "brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Id.*; *see e.g.*, *United States v. Coleman*, 9 F.3d 1480, 1487 (10th Cir. 1993). Mr. Gonzalez-Calzadillas has made no nonfrivolous argument that his claims should be heard on direct appeal.

## III. CONCLUSION

We dismiss the appeal and grant counsel's motion to withdraw.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge